Filed 11/24/25  P. v. Ramosmaldonado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C102130 |
| v. | (Super. Ct. No. 24F2659) |
| JESUS RAMOSMALDONADO, | |
| Defendant and Appellant. | |

Defendant Jesus Ramosmaldonado pleaded guilty to committing a lewd act on a child and felony false imprisonment.  The trial court sentenced him to two years eight months in prison.

Defendant now contends the trial court abused its discretion in denying his request for probation.  Finding no abuse of discretion, we will affirm the judgment.

BACKGROUND

A 16-year-old female informed law enforcement that while she was working at a restaurant, her boss, defendant, "had been grabbing her from behind, touching her waist, her buttocks, kissing her neck, and grabbing her breasts for a two-month period between June 2023 and July 2023."  She said that on August 8, 2023, he placed "his left hand on

1

her right breast while simultaneously placing his right hand on her stomach and rubbing under her pants along the waistband of her pants." She told law enforcement that "every time [defendant] touched her, she could feel that he had an erect penis."

After the victim spoke to police, she made a pretext call to defendant, during which he admitted touching her and knowing that she was between 15 and 16 years old at the time and that she was scared. He repeatedly apologized for his actions during the call. Defendant later agreed to speak with police. Among other things, defendant said the victim had been coming to work in clothes that were too revealing. He hugged her from behind and touched and grabbed her breast, but she did not do anything in response and could have left. He denied being aroused.

Pursuant to the parties' agreement, defendant pleaded guilty to two counts of committing a lewd act on a child (Pen. Code,[1] § 288, subd. (c)(1)) -- counts 1 and 2) and one count of felony false imprisonment (§ 236 -- count 11).

After the plea, the probation department interviewed defendant. As recounted by the probation report, defendant denied touching the victim's breasts and other allegations such as touching her beneath her clothing. He admitted to hugging the victim on three or four occasions, including kissing her on her clothed shoulder, but denied any sexual intent, and explained that one of the incidents was an attempt to redirect her focus toward work when she was on her phone. He said he did not realize there was a problem until he was contacted by law enforcement.

The probation report also addressed defendant's risk of reoffending. According to one risk assessment, defendant had a below-average risk of reoffending within five years after being released on probation. The probation report determined that defendant was presumptively ineligible for probation under section 1203 subdivision (e)(4), but

---

[1] Undesignated statutory references are to the Penal Code.

2

concluded the presumption was overcome under rule 4.413(c)(1)(A) of the California Rules of Court[2] because defendant had only two prior felony convictions related to controlled substances from an adjudication more than 30 years ago, he had no recent record of similar crimes or crimes of violence, and the current offenses, according to the probation report, were less serious than the prior felony convictions based on the respective sentencing triads. The probation report suggested defendant's touching of the victim "might constitute something less serious than the typical examples" of felony violations of section 288, subdivision (c)(1). In addition, the report noted defendant's lack of criminal sophistication, his cooperation with law enforcement, his acknowledgement that the touching of the victim was inappropriate, his largely "law-abiding and productive life" over the past 30 years, his lack of substance abuse or mental health issues, and the potential impact of incarceration on his family.

The probation report acknowledged that defendant took advantage of his position of authority as the victim's employer, the victim experienced emotional harm that would likely be on-going, and defendant could not be considered truly remorseful because he did not admit acting with sexual intent. Nevertheless, the probation report recommended probation for defendant as follows: that he be sentenced to an aggregate term of two years eight months, with imposition of sentence suspended for two years, and that he be placed on formal probation with various conditions, including that he serve 364 days in jail with 204 days of credit for good conduct and days actually served. The probation report attached various letters, including a letter from the victim.

A forensic psychologist evaluated defendant under section 288.1 after the probation report was submitted to the court. The psychologist concluded defendant had an intellectual disability and a "low moderate" risk of reoffending, his behavior was

---

[2] Undesignated rule references are to the California Rules of Court.

"more situational than predatory," but he had "a clear understanding of the gravity of his actions" such that his psychological issues could be addressed through treatment programs. The psychologist recommended probation with mandated treatment. Upon receipt of the forensic psychologist evaluation, the probation department submitted a supplemental probation report again recommending probation.

At sentencing, the trial court said it had reviewed the original and supplemental probation reports, the attachments, defendant's psychological evaluation, and defendant's sentencing brief. The trial court heard statements from the victim's family members and a statement from the victim read by the victim's father. The family members and the victim discussed the harm she had experienced. The trial court then announced its tentative sentence and reasoning in support. It noted its discretion to grant probation, including up to a year in jail, or to impose a state prison term. The trial court explained that because defendant had two prior felony convictions from the same case in 1992, he was presumptively ineligible for probation. It said defendant had no prior record of violence, but under rule 4.413, the current offenses must be less serious than the prior felony convictions that are the cause of the presumptive ineligibility for probation. The trial court disagreed with the probation report's conclusion that the current offenses were less serious than defendant's prior felonies relating to controlled substances, saying the current offenses represented a greater danger to the public and were more serious. The trial court concluded the presumption against probation was not overcome.

The trial court next examined defendant's suitability for probation, noting: (1) defendant denied having any sexual intent and several times minimized his actions; (2) defendant's conduct happened over a lengthy period of time, with time in between the acts allowing defendant time to reflect; (3) defendant photographed the victim, which the trial court considered troubling; (4) defendant took advantage of a position of trust as an employer, especially considering the age of the victim and the fact it was her first job; (5) the likely long-term effect of defendant's conduct on the victim; and (6) the

4

psychologist's determination regarding defendant's risk to society. Weighing these factors, the trial court concluded defendant was not suitable for probation even if the presumption against probation had been overcome. The trial court stated its inclination to impose an aggregate term of two years eight months in prison.

Defense counsel argued for probation, noting that the prior convictions were decades earlier, there were character witness statements in support of defendant, he had shown remorse, he cooperated with law enforcement, the psychologist report and risk assessments were consistent with probation, a sex-offender treatment program and probation department supervision were available, and defendant had family support and an offer of employment.

The trial court denied probation and imposed a two year eight month sentence.

DISCUSSION

Defendant contends the trial court abused its discretion in denying his request for probation.

A trial judge's discretion in determining whether to grant or deny probation is broad and will not be disturbed on appeal unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178-179.) Defendant's primary argument is that the trial court did not give proper weight to the probation report recommendation and the section 288.1 report and their determination that he had a low risk of reoffending. However, nothing indicates that the trial court misunderstood its discretion or failed to consider all the relevant factors. The trial court considered the probation report, the psychological evaluation, the victim impact statements and testimony, the letters in support of defendant, and the parties' sentencing briefs and oral argument. The trial court acknowledged the favorable probation report, the fact that the case resolved at any early stage, and the lack of any prior record of violence. But it disagreed with the probation report's characterization of the seriousness of the current offenses as compared to his prior offenses. Accordingly,

5

the trial court found the presumption against probation had not been overcome. The trial court also considered defendant's minimization of his conduct, the period of time over which the conduct occurred, defendant's violation of a position of trust as the victim's first employer, and the vulnerability of the victim. Based on those factors, the trial court concluded defendant was not suitable for probation even if the presumption against probation had been overcome.

On this record, we find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.


                                          /S/
                                      MAURO, J.


We concur:


/S/
ROBIE, Acting P. J.


/S/
KRAUSE, J.


6